IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **ANTOINE SCOTT,** | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. _____ |
| **MERCEDES-BENZ FINANCIAL SERVICES USA LLC,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Mercedes-Benz Financial Services USA LLC ("MBFS") gives notice of the removal of this action from the Superior Court of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division. As grounds for this removal, MBFS states as follows:

## INTRODUCTION

1. On June 22, 2022, Plaintiff Antoine Scott ("Plaintiff") commenced this action in the Superior Court of Mecklenburg County, North Carolina, Civil Action Number 22-CVS-10083, against MBFS.

2. The Complaint asserts four (4) claims: (1) Misrepresentation: Defendant falsely misrepresented a document as authorized or approved by a court official or agency of the U.S.; (2) Violation of North Carolina's Identity Theft

Protection Act, N.C.G.S.A. § 75-60, *et seq*.: Complaint alleges a violation of § 75-66, which addresses the wrongful publication of personal information. Complaint alleges publication of personal information after Plaintiff "objected to any such disclosure"; (3) Violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA"): Complaint alleges a violation of § 605B of the Consumer Credit Protection Act, which correlates to 15 U.S.C.A. § 1681c-2. *See* Exhibit "A" for chart reflecting the correlation of U.S.C.A. classifications to specific sections of the Consumer Credit Protection Act. 15 U.S.C. § 1681c-2 of the FCRA concerns the blocking of information resulting from identity theft. Complaint alleges that Plaintiff filed an "identity theft" report "with the proper agencies" and forwarded it to Defendant. Plaintiff alleges "Defendant continues to report this fraudulent account on my credit report" (Compl., ¶ 4); and (4) Failure to update Account: Defendant allegedly accepted a tender of payment for full satisfaction of a claim. However, refuses to update his Account.

3. Among other things, Plaintiff seeks an award of damages, as well as court costs. (Compl., Prayer for Relief).

## FEDERAL QUESTION JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because Plaintiff's Complaint asserts a claim arising under federal law.

5. 28 U.S.C. § 1441 provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. Here, the face of the Plaintiff's Complaint reveals a cause of action brought under the FCRA. Plaintiff alleges a violation of § 605B of the Consumer Credit Protection Act (Compl. ¶ 4), which correlates to 15 U.S.C.A. § 1681c-2. 15 U.S.C. § 1681c-2 concerns the blocking of information resulting from identity theft. Complaint alleges that Plaintiff filed an "identity theft" report "with the proper agencies" and forwarded it to Defendant. (Compl. ¶ 4) Plaintiff further alleges "Defendant continues to report this fraudulent account on my credit report." (Id.) Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. In addition, this Court has supplemental jurisdiction over Plaintiff's state law claims. Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Whether the federal and state law claims are part of the same case and controversy is determined by whether they " 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.' " *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)); *see also Campbell v. Bender,* No. 3:09cv465, 2011 U.S. Dist. LEXIS 100260, at *15-16 (W.D.N.C. Sept. 2, 2011).

8. In this case, Plaintiff's other claims arise from the same set of underlying facts concerning the alleged wrongful reporting of a fraudulent account on his credit report, upon which he relies in asserting a violation of the FCRA. Thus, Plaintiff's claims arise from a common nucleus of operative facts and, as such, this Court has jurisdiction over all claims under 28 U.S.C. § 1441.

## PROCEDURAL REQUIREMENTS

9. No prior application has been made for the relief requested herein.

10. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See Murphy Bros. v. Michetti Pipe*

4

*Stringing, Inc.,* 526 U.S. 344, 354 (1999)  The thirty day period commences upon formal service of process and not upon any other form of notice or the mere receipt of the Complaint. *See id.* at 348; *Brown v. United States HHS,* No. 5:10-CV-94, 2010 U.S. Dist. LEXIS 74654 (E.D.N.C. July 22, 2010).  MBFS was served with process in this matter on July 1, 2022.  This Notice of Removal is, therefore, filed within thirty (30) days of service and is timely under 28 U.S.C. § 1446(b).

11. True and correct copies of "all process, pleadings, and orders" served upon MBFS to date, as well as additional documents from the state court's file, are attached hereto as Exhibit "B" in conformity with 28 U.S.C. § 1446(a).

12. The United States District Court for the Western District of North Carolina, Charlotte Division, is the court and division embracing the place where this action is pending in state court.

13. MBFS is promptly filing a copy of this Notice of Removal with the Superior Court of Mecklenburg County, North Carolina, as required by 28 U.S.C. § 1446(d).

14. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

15. MBFS reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

16. Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and present oral argument in support of its position that this cause is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## ADOPTION AND RESERVATION OF DEFENSES

17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of MBFS' right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

**WHEREFORE**, MBFS prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division.

6

Case 3:22-cv-00345-GCM    Document 1    Filed 07/29/22    Page 6 of 7

Dated this the 29th day of July, 2022.

*/s/Josh B. Baker*
JOSH B. BAKER
jbaker@maynardcooper.com
State Bar No.: 43390
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 1700
Birmingham, AL 35203
(205) 254-1000
Fax: (205) 254-1999
Attorney for Defendant
Mercedes-Benz Financial Services USA LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their address through first-class, United States mail, postage prepaid, on this the 29th day of July, 2022:

Antoine Scott
4509 Morgan Street
Charlotte, NC 28208

*/s/ Josh B. Baker*
OF COUNSEL