# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

ANTOINE SCOTT,

    Plaintiff,

v.

MERCEDES-BENZ FINANCIAL SERVICES USA LLC,

    Defendant.

CIVIL ACTION NO. 3:22-cv-00345

## DEFENDANT MERCEDES-BENZ FINANCIAL SERVICES USA LLC'S ANSWER AND COUNTERCLAIM

COMES NOW Defendant Mercedes-Benz Financial Services USA LLC ("MBFS" or "Defendant") and hereby submits its Answer to Plaintiff Antoine Scott's ("Plaintiff") Complaint and its Counterclaim against Plaintiff:

## ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, MBFS responds as follows:

1. MBFS is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph and, therefore, denies the same.

2. MBFS admits that it is a Delaware limited liability company that does business in the State of North Carolina. In response to the remaining allegations in Paragraph 2, MBFS denies the allegations and demands strict proof thereof.

3. MBFS admits this Court has jurisdiction over this matter.

4.A. MBFS denies the allegations in this Sub-Paragraph and demands strict proof thereof.

4.B. MBFS denies the allegations in this Sub-Paragraph and demands strict proof thereof.

4.C. MBFS denies the allegations in this Sub-Paragraph and demands strict proof thereof.

4.D. MBFS denies the allegations in this Sub-Paragraph and demands strict proof thereof.

With respect to the Plaintiff's Prayer for Relief, MBFS denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, MBFS pleads the following defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against MBFS upon which relief can be granted.

## SECOND DEFENSE

MBFS denies the material allegations of the Plaintiff's Complaint and demands strict proof thereof.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by MBFS, but by another person or entity for whom or for which MBFS is not responsible.

## FOURTH DEFENSE

MBFS has complied with the Fair Credit Reporting Act relative to the Plaintiff and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which MBFS denies exist, were aggravated by Plaintiff's own wrongdoing and/or fraud.

## SIXTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## SEVENTH DEFENSE

MBFS did not owe the Plaintiff a legal duty.

## EIGHTH DEFENSE

MBFS incorporates herein by reference all provisions set forth in 15 U.S.C. §§1681 *et seq.* and relies on any safe harbor provisions, exemptions, limitations, conditions, or other defenses that may be set forth therein.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## TENTH DEFENSE

MBFS cannot be held liable for a violation of N.C.G.S.A. § 75-66 because it did not knowingly publish Plaintiff's "personal information" with actual knowledge that he had previously objected to such disclosure.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence, payment, release, judicial estoppel, and res judicata.

## TWELFTH DEFENSE

Plaintiff's claims fail due to the lack of an actual injury caused by the Defendant's alleged wrongful conduct.

## THIRTEENTH DEFENSE

Plaintiff's claims fail due to his lack of standing.

## FOURTEENTH DEFENSE

Plaintiff's fraud claim fails because MBFS did not make a false representation of a material past or existing fact to Plaintiff.

### FIFTEENTH DEFENSE

MBFS cannot be held liable for a violation of § 1681c-2 of the Fair Credit Reporting Act because it is not a "consumer reporting agency."

### SIXTEENTH DEFENSE

Plaintiff's fraud claim fails because he did not reasonably rely on a claimed false representation made by MBFS.

### SEVENTEENTH DEFENSE

Plaintiff cannot recover statutory or punitive damages because MBFS' alleged violation was not willful.

### EIGHTEENTH DEFENSE

MBFS was not the proximate or "legal cause" of Plaintiff's claimed damages.

### NINETEENTH DEFENSE

MBFS cannot be held liable for a violation of § 1681c-2 of the Fair Credit Reporting Act because Plaintiff was not the subject of "identity theft."

### TWENTIETH DEFENSE

MBFS adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations of the Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, MBFS prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) MBFS be dismissed as a party to this action;

(3) MBFS receive a trial by jury for all issues so triable; and

(4) MBFS recover such other and additional relief as the Court deems just and appropriate.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Mercedes-Benz Financial Services USA LLC ("MBFS") for its counterclaims against Plaintiff/Counterclaim Defendant Antoine Scott ("Scott") states as follows:

## THE PARTIES

1. MBFS is a financial services provider who, among other things, provides financing for new and used Mercedes-Benz vehicles for Mercedes-Benz dealers and their retail customers. MBFS is a foreign limited liability company

("LLC"), formed under the laws of Delaware. None of the LLC members are resident citizens of North Carolina.

2. Upon information and belief, Scott is a resident citizen of Mecklenburg County, North Carolina.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. § 1367(a) because they are so related to Scott's claims that they form part of the same case or controversy under Article III of the United States Constitution. In addition, the Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1331. Moreover, the Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the counterclaims occurred in this district.

## FACTUAL ALLEGATIONS

5. On or about July 9, 2020, Scott purchased a 2015 Mercedes-Benz S550V (Serial No. WDDUG8CB6FA133153) (the "Vehicle") from Hendrick Motors of Charlotte. On or about that same date, Hendrick Motors of Charlotte fully assigned its interest in the Retail Installment Sales Contract (the "Contract") to MBFS.

6. By executing the Contract, Scott agreed to finance the Vehicle under the Contract's terms and conditions. Among other things, Scott agreed to make seventy-two (72) monthly payments to MBFS, beginning on August 24, 2020. The total amount financed under the Contract was $44,975.17.

7. After not receiving the first payment due August 24, 2020, MBFS mailed Scott a letter advising that his payment was past due and provided his with several options to make the payment to MBFS. Scott disregarded that letter and other letters from MBFS addressing his failure to make monthly payments required by the Contract.

8. Due to Scott's continued failure to make monthly payments due under the Contract, on or about October 27, 2020, MBFS issued a Notice of Default and Right to Cure & Intention to Repossess.

9. As a consequence of Scott's default and his failure to cure, MBFS exercised its right under the Contract to repossess the Vehicle and sold it to a third-party. Thereafter, MBFS advised Scott of the $12,823.70 deficiency owed under the Contract.

10. Under the Contract, Scott also agreed to pay or reimburse MBFS' attorney's fees and costs incurred relative to the enforcement of Scott's payment obligations.

11. Despite a request by MBFS that Scott satisfy the deficiency amount owed under the Contract, Scott has refused to do so. As a result, MBFS has suffered and continues to suffer damages due to Scott's failure to fulfill his obligations under the Contract.

12. After repossession of the Vehicle, Scott submitted a complaint to the Consumer Financial Protection Bureau claiming to be a victim of identity theft and requested that MBFS delete or remove the MBFS account from his credit report. In order to investigate the claimed identity theft, MBFS sent Scott an Identity Theft Packet for him to complete and return.

13. Scott returned to MBFS a copy of a Charlotte-Mecklenburg Police Department Incident Report ("Incident Report"), bearing Complaint # 20201205-1212-03, dated 11/19/2020, a copy of which is attached under cover of Exhibit "A." As part of its investigation, MBFS contacted the Charlotte-Mecklenburg Police Department to confirm the validity of the Incident Report. In the course of its investigation, MBFS discovered that the Incident Report was fraudulent and that Charlotte-Mecklenburg Police Department had no record of the Incident Report.

## CAUSES OF ACTION

### FIRST COUNTERCLAIM – BREACH OF CONTRACT

14. MBFS repeats and re-alleges each and every allegation contained in Paragraphs 1 through 13 above, as if fully set forth herein.

15. The Retail Installment Sales Contract is a valid and binding contract.

16. In the Contract, Scott agreed, among other things, to make seventy-two (72) monthly payments to MBFS, beginning on August 24, 2020. Scott failed to make the payment due on August 24, 2020 and all monthly payments thereafter.

17. Despite a request by MBFS that Scott satisfy the deficiency amount owed under the Contract after the sale of the Vehicle to a third-party, Scott has refused to do so.

18. Scott has breached essential terms and conditions of the Contract.

19. As a direct and proximate consequence of Scott's breaches of the Contract, MBFS has suffered damages and continues to suffer damages.

## SECOND COUNTERCLAIM – VIOLATION OF THE FAIR CREDIT REPORTING ACT

20. MBFS repeats and re-alleges each and every allegation contained in Paragraphs 1 through 19 above, as if fully set forth herein.

21. In connection with his claimed identify theft, Scott submitted a fraudulent Incident Report to MBFS. That same Incident Report was relied on by Scott for his claim that MBFS violated the Fair Credit Reporting Act.

22. The Complaint filed by Scott was filed in bad faith and/or for purposes of harassing MBFS. In doing so, Scott violated 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n of the Fair Credit Reporting Act.

23. Due to Scott's violation of 15 U.S.C. § 1681o and/or 15 U.S.C. § 1681n, MBFS is entitled to an award of attorney's fees.

### THIRD COUNTERCLAIM - FRAUD

24. MBFS repeats and re-alleges each and every allegation contained in Paragraphs 1 through 23 above, as if fully set forth herein.

25. Scott made a false representation of a material past or existing fact.

26. That false representation was reasonably calculated to deceive MBFS.

27. Scott's false representation was made with the intent to deceive and with the intent that it be acted upon.

28. MBFS was, in fact, deceived by the false representation and acted upon it.

29. MBFS' reliance on the false representation was reasonable.

30. MBFS suffered damages proximately caused by Scott's false representation.

### PRAYER FOR RELIEF

**WHEREFORE**, MBFS respectfully requests that the Court provide the following relief and enter judgment in its favor and against Scott as follows:

(i) On the First Counterclaim, enter judgment awarding MBFS damages in the amount of $12,823.70, plus interest, attorney's fees and costs;

(ii) On the Second Counterclaim, enter judgment awarding MBFS attorney's fees, in an amount to be determined by the Court;

(iii) On the Third Counterclaim, enter judgment awarding MBFS $25,000.00 in compensatory damages and $75,000.00 in punitive damages;

(iv) Award compensatory, consequential, and other damages to MBFS in an amount to be proven at trial;

(v) Award attorney's fees, costs and other related expenses to MBFS;

(vi) Award pre-judgment and post-judgment interest; and

(vii) Award such other and further relief as this Court deems just and proper.

*/s/Josh B. Baker*
JOSH B. BAKER
jbaker@maynardcooper.com
State Bar No.: 43390
Maynard, Cooper & Gale, P.C.
1901 6th Avenue North
Suite 1700
Birmingham, AL 35203
(205) 254-1000
Fax: (205) 254-1999
Attorney for Defendant/Counterclaim Plaintiff
Mercedes-Benz Financial Services USA LLC

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their address through first-class, United States mail, postage prepaid, on this the 5th day of August, 2022:

Antoine Scott
4509 Morgan Street
Charlotte, NC 28208

>*/s/ Josh B. Baker*
>OF COUNSEL

06514307.1　　　13

Case 3:22-cv-00345-GCM    Document 3    Filed 08/05/22    Page 13 of 13